IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JASON SAIS,

        Plaintiff,

v.                                            No. CIV 09-473 BB/

MARK MALDONADO, MICHAEL GUILLEN, JEROME McCABE, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF McKINLEY, and UNKNOWN PERSONS 1-100,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiff's *Motion to Remand for Lack of Original Jurisdiction* [doc. 8], and the Court having reviewed the applicable law, finds the Motion must be Denied.

### *Facts*

Plaintiff, Jason Sais, was detained in the Gallup-McKinley County Detention Center in September 2008. At the time, Defendant Officers Mark Maldonado, Michael Guillen, and Jerome McCabe were employed as corrections officers at the Detention Center. According to Plaintiff, the cell doors at the Detention Center did not lock properly and could be easily opened by inmates. Plaintiff also alleges that Defendants

were aware of the fact.  At some point on September 23, 2008, Plaintiff left cell 7 to go and talk to Eric Olguin in cell 4.

Plaintiff alleges that Officer Maldonado, with the assistance of Officer Guillen, and without providing any warning, shot Plaintiff nine times in the back, head, and arm with a pepper ball gun.  After being shot, Plaintiff returned to his cell.  Corrections Officer Knoodle then entered Plaintiff's cell and ordered him to sit down.  Plaintiff contends he did not resist and complied with the order.  Officer McCabe then entered cell 7 and, according to Plaintiff, pepper sprayed him in the face.

### *Legal Claims*

Plaintiff captions Count One of his Complaint: *Complaint for Monetary Damages for Personal Injuries Resulting from Battery and a Violation of Constitutional Rights Pursuant to the State Tort Claims Act, NMSA 1978 § 41-4-12*.  In this cause of action Plaintiff cites both the Constitution of the United States as well as that of the State of New Mexico.[1] The Board of County Commissioners maintains that these references to the United States Constitution provide this Court jurisdiction pursuant to 28 U.S.C.

---

[1] Sais alleges:
21. Plaintiff has the right under the Fourth Amendment to the Constitution of the United States of America to be secure in his person against an unreasonable seizure.
22. Plaintiff has the right under Section 10 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be secure in her (sic) person against an unreasonable seizure.
23. Plaintiff has the right under the Eighth Amendment to the Constitution of the United States of America to be free from cruel and unusual punishments.
24. Plaintiff has the right under Section 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be free from cruel and unusual punishments.
25. Plaintiff has the right under the Fourteenth Amendment to the Constitution of the United States of America to the accorded due process of law before punishment is inflicted.

Sais Compl. ¶¶ 21-25 (emphasis added).

§ 1331 (federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States").  Plaintiff retorts: (1) Plaintiff's complaint recites only one cause of action for a violation of constitutional rights under the State of New Mexico Tort Claims Act, NMSA 1978, § 41-4-12; and (2) Plaintiff is not seeking redress through 42 U.S.C. § 1983.  He therefore concludes no federal question is presented within the scope of 28 U.S.C. § 1331.  (Plf.'s Mot. Remand p. 1).

### *Discussion*

It is true that not every citation to federal law is evidence that federal law is the basis of the suit for purposes of federal jurisdiction.  *Merrill Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  However, if Plaintiff's right to recover depends on the resolution of a substantial question of federal law, then this Court has a duty to evoke its jurisdiction when requested to do so.  *Brown ex rel. Brown v. Day*, 555 F.3d 882, 894 (10th Cir. 2009); *Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999).  The question, then, is whether Plaintiff's claims necessarily require resolution of a disputed federal question.

If Plaintiff had merely cited the Fourth, Eighth, and Fourteenth Amendments as providing rights parallel to those he was seeking to enforce under the New Mexico Constitution, remand might well be appropriate.[2]  Plaintiff, however, specifically seeks

---

[2]   *See, e.g., Pedder v. City of Syracuse*, 2008 WL 5115023 (N.D.N.Y.); *Phillips v. Sacramento County*, 2007 WL 4570838 (E.D. Cal); *Lilly v. Town of Clendenin*, 2005 WL 2171670 (S.D.W. Va.).

3

relief for violations of the United States Constitution.  However, Paragraph 35 of the Complaint reads:

> 35.   The actions of Maldonado, Guillen and McCabe <u>deprived Sais of rights secured by the Fourth, Eighth and Fourteenth Amendments</u> to the Constitution of the United States of America <u>and</u> Sections 10 and 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico.³  (Emphasis added)

Plaintiff contends that although he may have a federal claim, he is choosing to sue only on his state claim.  In essence, Plaintiff is attempting to avoid federal jurisdiction by arguing that because he chose the New Mexico Tort Claims Act as the vehicle for seeking relief for violations of federal law, removal was improper. However, Plaintiff's purported state claim, whatever the vehicle, specifically alleges three violations of the United States Constitution and names the Board of the McKinley County.  Indeed, the crux of Plaintiff's Complaint is that the individual Defendants used excessive force and that the Board of Commissioners failed to train and supervise the officers allegedly responsible for the deployment of force.  Under New Mexico state law there is no recognized claim for negligent supervision.  *Pemberton v. Cordova*, 734 P.2d 254 (N.M. App. 1987).  On the other hand, an essential element of a claim under the Fourth and Eighth Amendments is whether the County was deliberately indifferent to Plaintiff's rights or incorporated such an unconstitutional practice into its custom

---

³ Whether Plaintiff can enforce such rights without invoking 28 U.S.C. § 1983, which he expressly declines to do, is questionable.  *See Phillips, supra*, slip op. 3.  Plaintiff should then be allowed the chance to amend and add the necessary reference to § 1983 or delete his reliance on the United States Constitution.  *Id.*

4

or policy.  *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002).  In other words, Plaintiff has specifically pled a claim, if inartfully, the resolution of which turns on a substantial question of federal law.

### CONCLUSION

For the above stated reasons, Plaintiff's *Motion to Remand for Lack of Original Jurisdiction* is DENIED.

SO ORDERED this 31st day of July, 2009.

_____
**BRUCE D. BLACK**
**United States District Judge**