IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON SAIS,

    Plaintiff,

v.                                                  Civil No. 09-473 BB/RLP

MARK MALDONADO,
MICHAEL GUILLEN,
JEROME MCCABE,
BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MCKINLEY,
AND UNKNOWN PERSONS 1-100,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's motion (Doc. 13) to alter or amend the July 2009 Memorandum Opinion and Order Denying Plaintiff's Motion to Remand (Doc. 12). For the following reasons, Plaintiff's motion is denied.

**Factual and Procedural Background**

At all pertinent times, Plaintiff, Jason Sais, was detained at the Gallup-McKinley County Detention Center, where Defendants Maldonado, Guillen, and McCabe served as corrections officers. Averring that he was unnecessarily 1) shot with a pepper-ball gun and 2) pepper-sprayed while at the Detention Center, Plaintiff filed suit against the officers and others (collectively "Defendants") in New Mexico state court. His suit alleges, *inter alia,* violation of

1

his rights under "the Constitution of the United States of America."[1]  (Doc. 1, Exh. 2).

Defendants removed (Doc. 1), asserting federal-question jurisdiction under 28 U.S.C. § 1331,

and Plaintiff sought remand (Doc. 8).  In so seeking, Plaintiff argued that, because the vehicle

through which he sought redress of the alleged violations of federal law was a single claim under

the New Mexico Torts Claims Act ("NMTCA"), this Court lacks § 1331 jurisdiction.  This Court

denied remand, explaining that, regardless of which vehicle a plaintiff chooses, federal

jurisdiction is present when a plaintiff's right to recover "depends on the resolution of a

substantial question of federal law."  (Doc. 12) (citing *Merrell Dow Pharm., Inc. v. Thompson*,

---

[1] As this Court noted in its previous Opinion, the Complaint alleges:

21. Plaintiff has the right under the <u>Fourth Amendment to the Constitution of the United States of America</u> to be secure in his person against an unreasonable seizure.
22. Plaintiff has the right under Section 10 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be secure in her (sic) person against an unreasonable seizure.
23. Plaintiff has the right under the <u>Eighth Amendment to the Constitution of the United States of America</u> to be free from cruel and unusual punishments.
24. Plaintiff has the right under Section 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be free from cruel and unusual punishments.
25. Plaintiff has the right under the <u>Fourteenth Amendment to the Constitution of the United States of America</u> to be accorded due process of law before punishment is inflicted.

\*\*\*\*

35. The actions of Maldonado, Guillen and McCabe <u>deprived Sais of rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America</u> and Sections 10 and 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico.

(Doc. 1, Exh. 2 at ¶¶ 21-25, 35) (emphasis added).

478 U.S. 804, 813 (1986) and *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)). As part of its opinion, this Court offered Plaintiff the opportunity to amend his Complaint to either allege a 42 U.S.C. § 1983 action or to "delete his reliance on the United States Constitution." *Id.*

Declining this Court's offer, Plaintiff filed the present motion, styled the "Motion by Plaintiff to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." Plaintiff contends that, in denying remand, the Court "somehow divide[d]" § 41-4-12 of the NMTCA, "invok[ing] original jurisdiction over the portion of the statute that waives immunity" for deprivation of federal rights and "invok[ing] supplemental jurisdiction over the portions of the statute that concern" state-law-based rights. He further argues that this Court's denial runs counter to the New Mexico legislature's intent in drafting the NMTCA.[2] Defendants, in turn, respond 1) that the issue does not warrant reconsideration and 2) that this Court's previous decision was correct.

## Analysis

The issue presented by Plaintiff's motion is a simple one: Does Plaintiff's suit, which only asserts a claim under the New Mexico Torts Claims Act, require the resolution of a substantial issue of federal law sufficient to confer federal jurisdiction?[3] A review of the relevant jurisprudence indicates that it does.

---

[2] *See, e.g.,* Doc. 13 at 2 ("[T]he New Mexico legislature saw no need to reference or invoke 42 U.S.C. § 1983.").

[3] Though Defendants raise valid points about the propriety of Plaintiff's motion, the Court chooses to address the substance of Plaintiff's allegations. It does so in hopes of clarifying the basis for federal jurisdiction and preempting more unnecessary briefing.

*Nature of Federal-Question Inquiry*

Initially, however, because Plaintiff's motion argues that, in denying remand, the Court is either parsing the New Mexico statute in an unfavorable way or is wrongly ignoring the intent of the New Mexico legislature, it might be helpful to explain why the present issue turns solely on federal law.  Under the United States Constitution, federal courts have limited jurisdiction.  U.S. Const. Art. III, § 2; *see also, e.g., Merrell Dow*, 478 U.S. at 807-808.  Their jurisdiction is defined broadly by the Constitution itself and more specifically by federal statute.  *See, e.g., Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir. 1994) ("Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."); *compare* U.S. Const., Art. III, § 2 (extending federal juridical power to, *inter alia,* "[c]ases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority.") *to* 28 U.S.C. § 1331 (discussed *infra*).  One basis for federal jurisdiction, relvant here, is commonly termed federal-question jurisdiction and is codified in 28 U.S.C. § 1331.  Section 1331 gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[4]  *Id.*

Because the Constitution and United States Code define the parameters of federal jurisdiction, state legislation—including the construal or intent thereof—plays no role in what cases federal courts can hear.  *See, e.g., Marshall v. Marshall*, 547 U.S. 293, 314 (2006)

---

[4] Though, as examined *infra*, whether an action "arises under" federal law is not without nuance, it is worth noting at this point that such an inquiry is exclusively federal in nature.  *See generally* Patti Alleva, *Prerogative Lost: The Trouble With Statutory Federal Question Doctrine After Merrell Dow*, 52 Ohio St. L. J. 1477 (1991).

("Jurisdiction is determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even though it created the right of action.") (internal punctuation and citations omitted); *see also, e.g., Markham v. City of Newport News*, 292 F.2d 711, 716 (4th Cir. 1961) ("The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state."). Thus, contrary to Plaintiff's assertion, neither the intent of the New Mexico legislature nor the exact the language of the New Mexico statute bear on whether this Court has jurisdiction. *See, e.g., Textile Workers v. Lincoln Mills*, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting) (defining inquiry as "the degree to which federal law must be in the forefront of the case and not collateral, peripheral, or remote")(cited with approval in *Merrell Dow*, 478 U.S. at 813); *Markham,* 292 F.2d at 713 ("In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.").

Indeed, whether a plaintiff asserts a state-law cause of action—let alone the desires of state legislators—is not dispositive or, for that matter, even particularly important. *Id.* The *relevant* inquiry concerns whether, under the allegations set forth in the Complaint, Plaintiff's recovery depends on the resolution of a substantial question of federal law. *See Grable & Sons Metal Prod. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). More specifically, as stated in *Grable*, "the question is, does a [plaintiff's] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

### *Why Federal-Question Jurisdiction is Present Here*

For jurisdiction to exist under the *Grable* test, this Court must find 1) that Plaintiff's claim necessarily raises a disputed, substantial federal issue, 2) that there is a federal interest in having the claim heard in federal court, and 3) that federal jurisdiction is consistent with congressional intent.  *Id.; see also, e.g., Gonzales v. Ever-Ready Oil, Inc.,* 636 F.Supp.2d 1187, 1190 (D.N.M. 2008).

First, with regard to the existence of a substantial federal issue, the Court is persuaded that Plaintiff's suit, which explicitly asserts violations of the Fourth, Eighth, and Fourteenth Amendments, raises substantial federal issues.[5]  In determining whether a federal question is substantial, this Court considers whether resolution of the issue would benefit from "the advantages thought to be inherent in a federal forum."  *Id.* at 313.  No federal question is present when the federal issue is 1) wholly insubstantial or obviously frivolous, 2) foreclosed by prior cases which have settled the issue one way or another, or 3) so patently without merit as to require no meaningful consideration.  *Nicodemus v. Union Pacific Corp.,* 440 F.3d 1227, 1236 (10th Cir. 2006).  Here, there is no evidence that Plaintiff's claim is obviously frivolous, foreclosed by prior caselaw, or undeserving of meaningful consideration.  Resolution of this matter will likely require thoughtful investigation and analysis of federal constitutional doctrine.  This Court cannot, at this point, hazard any guess as to how the Plaintiff's constitutionally based claim will turn out.  Accordingly, it finds the federal issue presented to be substantial.

---

[5] Because Defendants deny that any constitutional violations took place (Doc. 14)—and because the dispute over the alleged federal constitutional violation forms much of the substance of this case—the Court finds that the federal issues are disputed.

Next, regarding the federal interest implicated by Plaintiff's suit, this Court finds that there is a strong federal interest in having the contours of federal constitutional law considered and resolved by federal courts. Indeed, one impetus for the enactment of the federal-question statute was a desire to ensure that constitutional rights could be vindicated in federal court. *See generally*, F. Andrew Hessick III, *The Common Law of Federal Question Jurisdiction*, 60 Ala. L. Rev. 895, 908 (2009) ("The 1875 Act was one of a number of acts expanding federal jurisdiction that were prompted by the perception in the wake of the Civil War that state courts could no longer be trusted to vindicate federal or constitutional rights, and that federal district courts should be the principal guardians of those rights."); G. Merle Bergman, *Reappraisal of Federal Question Jurisdiction*, 46 Mich. L. Rev. 17, 28 (1947). By enacting § 1331, Congress codified "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. Deferring to Congress's judgment, this Court recognizes that such claims implicate a sufficient federal interest.

For that same reason, namely the congressional decision that such claims belong in federal court, Plaintiff's suit satisfies the final element of the *Grable* test—that federal jurisdiction is consistent with congressional intent. *Grable*, 545 U.S. at 313. Congress has repeatedly evinced its desire to open federal courts to litigants seeking redress for constitutional violations. *See, e.g.,* 28 U.S.C. § 1343; 42 U.S.C. § 1983. No great leap is required to find that congressional intent extends to Plaintiff's constitutionally based claim.

Because Plaintiff's claim raises a disputed and substantial federal issue, which this Court can entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities, federal-question jurisdiction is present.

## Conclusion

For the foregoing reasons, Plaintiff's motion to alter or amend the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Remand (Doc. 12) is denied.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the Motion by Plaintiff to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 13) be, and hereby is, DENIED.

Dated this 1st day of February, 2010.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE